

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2006

# Weinstein v. Bissell

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1808

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Weinstein v. Bissell" (2006). *2006 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1808
_____

BARRY WEINSTEIN, And On Behalf of DAVID
HARRIS WEINSTEIN As Next Friend, To His Minor
Child Age 14 - As Natural Father & Guardian,

Appellant,

v.

NICHOLAS BISSELL, CONVICTED FELON
(DECEASED); MARK LEWIS, DETECTIVE
(INDIVIDUALLY AND OFFICIALLY);
COUNTY OF SOMERSET; FRANKLIN TOWNSHIP;
SOMERSET COUNTY FREEHOLDERS; CRAIG
BARTO; WAYNE FORREST; LAURI H. MELILO,
(INDIVIDUALLY AND OFFICIALLY); ESQ.
APRIL CORDTS; TOBY GRABELLE ESQ.
PARTNERS AND ASSOCIATES; EDWARD P.
FRADKIN; GAIL POLTAWEC; DR. NICK
POLTAWEC, (ESTATE); ULSTER COUNTY;
MICHAEL MIRANDA; E. MICHAEL KAVANAGH;
TOWN OF WOODSTOCK, NEW YORK; OFFICER
VANDEBOGART; ULSTER COUNTY SHERIFFS;
LOUIS LOCASCIO; NEW JERSEY PAROLE
DEPARTMENT; LEONARD ARNOLD; JANE/JOHN
DOES (1-100) (INDIVIDUALLY AND OFFICIALLY)
AS YET OTHER UNKNOWN
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-01593 )
District Judge: Honorable Stanley R. Chesler
_____

Before:   RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed November 14, 2006)

_____

OPINION
_____

PER CURIAM

Appellant Barry Weinstein brought an action for money damages in the United

States District Court for the District of New Jersey against numerous defendants under 42

U.S.C. § 1983 for allegedly violating his civil rights in connection with a custody

dispute.[1]  Specifically, Weinstein alleged that he was arrested without probable cause, and

subjected to a malicious prosecution which ended in his favor when the Superior Court of

New Jersey dismissed the indictment against him with prejudice on January 20, 2000.

Most, but not all, of the defendants moved either to dismiss Weinstein's amended

complaint or for summary judgment, and the District Court granted those motions in

orders entered on May 23, 2005 (defendants Ulster County, Michael Miranda, E. Michael

Kavanagh, Ulster County Sheriffs, Town of Woodstock, and Sergeant Gregory Van De

Bogart), June 21, 2005 (defendants April Cordts, Louis Locascio, Leonard Arnold, Craig

Barto, Wayne Forrest, Lauri Melilo, Franklin Township, and Mark Lewis), July 12, 2005

---

[1] This lawsuit has a more extensive procedural history with which the parties are familiar, and, as we write primarily for them, we will not discuss it here.

(defendant New Jersey Parole Board), and February 21, 2006 (defendants Jacobowitz, Grabelle, Defino, and Latimer, P.C., Toby Grabelle, Esq., Edward Fradkin, Esq., and Gail Poltawec). The District Court denied Weinstein's motions to transfer venue and for recusal, and, in an order entered on February 28, 2006, the District Court dismissed all remaining pending motions as moot and closed the case because it appeared to the court that no defendants remained.

Weinstein appealed, and submitted a brief in which he noted that defendants County of Somerset and County of Somerset Freeholders had answered the complaint on April 4, 2005 (Document # 126), and had not filed a dispositive motion. He argued that they remain parties to the case, and that the case is not yet appealable. Various appellees filed briefs in response. Of those appellees, only the Town of Woodstock, New York and Sergeant Gregory Van DeBogart noted that Somerset County remains a party to the case and thus the appeal is premature.

We will dismiss the appeal for lack of jurisdiction because it is taken from an order, or orders, that is, or are, not appealable at this time. To be appealable under 28 U.S.C. § 1291, the order must end the litigation as to all claims and all parties. See Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991). None of the orders at issue here do so because as the County of Somerset remains a party to the case. The Office of the County Counsel, 21 North Bridge Street, P.O. Box 1034, Somerville, New Jersey 08876, submitted an answer on behalf of "County of Somerset and Somerset County Freeholders" on April 4, 2005, and has yet to file a dispositive

3

motion. The District Court's order entered on February 28, 2006 marking this case "closed" does not become final for purposes of appellate jurisdiction "merely by reason of the execution of that order and its entry on the docket." Morton int'l inc. v. A.E. Staley Mfg. Co., No. 04-3936, 2006 WL 2385257, at \*7 (3d. Cir. Aug. 18, 2006).[2] Moreover, no orders have been certified pursuant to Rule 54(b). Fed. R. Civ. P. ("[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.").

We will dismiss the appeal for lack of jurisdiction.

---

[2] We do not interpret the District Court to have dismissed these defendants sua sponte in its February 28, 2006 order. Instead, it appears that the court simply was unaware that the County of Somerset had answered the complaint and was not among the numerous defendants to have moved for dismissal or summary judgment.